UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MALFA,

       Plaintiff,

v.                                                  Case No. 06-13667
                                                  Honorable Patrick J. Duggan

FORD MOTOR COMPANY,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 14, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On June 13, 2006, Plaintiff Richard Malfa ("Plaintiff") filed a one-count complaint in the Circuit Court for the County of Wayne, State of Michigan, against his former employer, Defendant Ford Motor Company ("Defendant"). In his complaint, Plaintiff alleges age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MICH. COMP. LAWS ANN. §§ 37.2101-37.2804. Defendant removed Plaintiff's complaint to federal court pursuant to 28 U.S.C. § 1441 on August 17, 2006, contending that Plaintiff's state law claim is completely preempted by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. Presently before the Court is Plaintiff's motion to remand, filed September 15, 2006. In his motion, Plaintiff

argues that his age discrimination claim is not preempted by ERISA and, because there is no other basis to grant the federal court subject matter jurisdiction over his complaint, it must be remanded to state court. The Court held a hearing on Plaintiff's motion on December 7, 2006.

## Factual and Procedural Background

Plaintiff began working for Defendant on August 15, 1977. *See* Compl. ¶ 7. On January 26, 2006, Defendant notified Plaintiff that it was terminating his employment, effective the following day. *See id.* ¶ 9. Plaintiff, who was born on June 4, 1954, was fifty-one years old when Defendant terminated his employment. *See id.* ¶¶ 6 & 11.

Plaintiff thereafter filed the pending complaint in state court alleging age discrimination in violation of the ELCRA. In his complaint, Plaintiff contends that his termination "occurred under circumstances giving rise to the inference of illegal discrimination," specifically:

> a. In terminating Plaintiff's employment, Defendant treated Plaintiff differently than it has treated, and is treating, similarly situated younger employees under similar circumstances.
>
> b. The ADEA [the Age Discrimination in Employment Act] Notification provided to Plaintiff with his termination papers indicates that a disproportionate number of employees age fifty (50) and over were selected for termination under the FISSP [the Ford Involuntary Salaried Separation Policy].
>
> c. The vast majority of similarly situated individuals Defendant did not select to terminate in Plaintiff's department are substantially younger.

2

    d.  Defendant has a history of discriminating against employees because of their older age.

    e.  Defendant has engaged in a pattern and practice of discriminating against employees because of their older age.

    f.  Defendant limited, segregated, and classified Plaintiff in a way that deprived or tended to deprive him of the opportunity to retain his position of employment because of his older age.

*See id.* ¶ 14. Plaintiff further claims that he suffered damages as a result of Defendant's alleged violation of the ELCRA, including, but not limited to:

> loss of employment, loss of past and future employment income and fringe benefits, inability to qualify for regular early retirement income and benefits, mental anxiety and distress, and loss of professional reputation.

*See id.* ¶ 25.

  While Plaintiff's complaint was pending in the state court, a dispute apparently arose concerning Plaintiff's notice to take the deposition of Defendant's former benefits manager. In a letter to Plaintiff's counsel dated August 7, 2006, Defendant's counsel specifically objected to a number of the deposition topics Plaintiff proposed, including "Topic 3." *See* Pl.'s Mot., Ex. E. This topic is set forth as follows:

> Defendant's reason for changing the FISSP "grow-in to a regular early retirement" feature for 2006, such that it changed from criteria that required the employee to be at least 45 years old with at least 10 years of service to be eligible to "grow in" to a regular early retirement, to a criteria that requires the employee to be at least 52 years old with at least 10 years of service.

3

*See id.*, Ex. F.

On August 10, 2006, Plaintiff's counsel responded in writing to defense counsel's letter. To explain why Topic 3 is relevant to his client's age discrimination claim, Plaintiff's counsel wrote, in part:

> Section 202 of the ELCRA states that an employer "shall not":
>
> 1. Discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment because of age.
>
> 2. Limit, segregate, or classify an employee in a way that deprives or tends to deprive the employee of an employment opportunity, or otherwise adversely affects the status of an employee because of age.
> . . .
> If Ford did not change its FISSP policy effective January 1, 2006, Mr. Malfa would have been eligible to grow into Regular Early Retirement under the General Retirement Plan when he was laid off on January 27, 2006. If the FISSP policy was not changed, and assuming Mr. Malfa would have signed a FISSP agreement, he would have been eligible to start receiving retiree healthcare benefits at age 55 and he would have been eligible to start drawing on his pension (under the Regular Early Retirement option) at age 55 . . .
>
> By changing the FISSP policy effective January 1, 2006, Ford has deprived Mr. Malfa the ability to attain a Regular Early Retirement under the General Retirement Plan.
> . . .
>
> The change in the FISSP policy adversely affected a term, condition and/or privilege of Mr. Malfa's employment with Ford Motor Company, . . .
>
> On its face, Ford's decision to modify its FISSP policy appears to be motivated by the desire to deprive all salaried

> employees, age 45 through 51, and including Mr. Malfa, the
> ability to grow into a Regular Early Retirement. Accordingly,
> that decision is relevant to Mr. Malfa's age discrimination
> claim, and inquiry into the reason(s) for changing the FISSP
> effective January 1, 2006 is fair game for discovery.

*See id*. Ex. E. Defendant understood this response as expressing Plaintiff's contention that Defendant acted in a discriminatory manner to prevent Plaintiff from vesting in retirement benefits and that Plaintiff is seeking to enforce his rights to those benefits pursuant to Sections 502 and 510 of ERISA.[1] *See* Def.'s Notice of Removal ¶ 5. Defendant therefore removed Plaintiff's complaint to federal court within a week of receiving the letter.

## Applicable Law and Analysis

---

[1]Section 502, ERISA's civil enforcement mechanism, provides in pertinent part:

> A civil action may be brought–
>
> (1) by a participant . . . (B) to recover benefits due to him
> under the terms of his plan, to enforce his rights under the
> terms of the plan, or to clarify his rights to future benefits
> under the terms of the plan;

29 U.S.C. § 1132. Section 510 provides, in part:

> It shall be unlawful for any person to discharge, fine, suspend,
> expel, discipline, or discriminate against a participant or
> beneficiary for exercising any right to which he is entitled
> under the provisions of an employee benefit plan . . . or for
> the purpose of interfering with the attainment of any right to
> which such participant may become entitled under the plan ...

29 U.S.C. § 1140.

In his motion to remand, Plaintiff argues that, although he indeed may have a viable lawsuit under Section 510 of ERISA and that the discovery in such a suit may overlap with the discovery relevant to his ELCRA claim, he is not pursuing his rights under Section 510 in this action.  According to Plaintiff, his ERISA benefits only are relevant in this action because he is claiming that, as a result of Defendant's violation of Michigan's civil rights statute, he suffered damages resulting from the loss of those benefits.  Defendant argues in response that it is clear from the statements in the August 10 letter of Plaintiff's counsel and from statements in Plaintiff's motion to remand that Defendant's amendment of the FISSP grow-in provision "is a linchpin of his purported discrimination claim." *See* Def.'s Br. in Supp. of Resp. at 9.

Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court when the federal district court has "original jurisdiction founded on a claim or right arising under" federal law.  Generally, the court must look only to the face of the plaintiff's complaint to determine whether a federal question exists.  *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).  One exception to this "well-pleaded complaint" rule is "[w]here Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character." *Id*. (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987)).

In *Metropolitan Life Insurance*, the Supreme Court held that state common law claims are completely preempted by ERISA when the action is to recover benefits, enforce rights, or clarify future benefits under an ERISA plan.  481 U.S. at 63-64, 107 S.

Ct. at 1546. Following this principle, the Sixth Circuit held in *Peters v. Lincoln Electric Company*, that ERISA completely preempted the plaintiff's state law breach of promise claim in which the plaintiff asserted that the defendant breached a promise to continue his participation in its employee benefit plan. 285 F.3d 456, 467 (2002).

The plaintiff in *Peters* filed a complaint in state court in Ohio alleging that, in "forcing" him to retire early, the defendant discriminated against him because of his age in violation of state law. *Id*. at 464. The plaintiff also asserted state common law claims of breach of contract, detrimental reliance, and breach of public policy. *Id*. When the plaintiff testified during his deposition that his breach of contract claim was premised on the defendant's alleged promise to continue his participation in its Supplemental Executive Retirement Plan ("SERP"), the defendant removed the action to federal court. *Id*. at 466. The plaintiff's motion to remand the matter to state court was denied by the district court. *Id*. at 467. The Sixth Circuit affirmed.

The appellate court explained:

> The purpose of § 502(a) is to provide beneficiaries with a cause of action to enforce their ERISA contracts. . . . The District Court reasoned that Peters' deposition testimony established that [he] was "seeking to clarify his rights to future benefits" under the SERP, and, therefore, his "breach of promise" claim was completely preempted under ERISA. We agree. Peters' claim is that he should be a participant in the plan but that the company denied him continued participation. His claim, thus, is one "to enforce his rights under the plan or to clarify his rights to future benefits under the terms of the plan."

*Id*. at 468 (internal citations omitted). Notably, the court made no indication that it found

7

the plaintiff's other claims, including his state law age discrimination claim, preempted by ERISA. Additionally, in finding the plaintiff's "breach of promises claim" preempted, the court distinguished his claim from a wrongful discharge claim where the "plaintiff's incidental damage award merely includes a loss of benefits under an ERISA-based plan" and "all that is needed is a simple mathematical calculation of benefits." *Id*. at 469 (citation omitted).

In fact a year earlier, in *Wright v. General Motors Corporation*, the Sixth Circuit reversed a district court's finding of complete preemption in a case where the plaintiff's state law race and sex discrimination claims related to ERISA only in that the plaintiff claimed she was entitled to damages for, *inter alia*, the loss of ERISA benefits. 262 F.3d 610 (2001). The court reasoned:

> As this court stated in *Crabbs v. Copperweld Tubing Products Company*, 114 F.3d 85 (6th Cir. 1997), "[e]ven if an action refers to a plan, ... the action will not relate to the plan for preemption purposes when the action only peripherally affects the plan." *Id*. at 90. (internal quotation marks and citation omitted). We believe that Wright's reference to the [ERISA benefit plan], properly construed, is simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of her discriminatory termination. Hers is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming race and sex discrimination and retaliation resulting in damages, one component of which is a sum owed under the provision of the [ERISA] plan.

*Id*. at 615. Similarly, this Court has concluded that a defendant's removal of a plaintiff's complaint is improper where the plaintiff alleges age and sex discrimination in violation

of the ELCRA and the claim only relates to ERISA in that the plaintiff asserts that the defendant's actions resulted in a denial of ERISA benefits. *Yageman v. Vista Maria, Sisters of the Good Shepherd*, 767 F. Supp. 144 (E.D. Mich. 1991).  In *Yageman*, this Court found "the real gravamen" of the plaintiff's complaint to be his claim that he was discharged as a result of age and sex discrimination. *Id*. at 145.  Because the plaintiff's loss of pension benefits was a mere consequence of, but not a motivating factor behind, his termination or loss of benefits, the Court concluded that "[n]o ERISA cause of action lies." *Id*.

In comparison, the Supreme Court has held that an action is completely preempted and subject to removal where the plaintiff complains that he or she was unlawfully discharged to prevent his or her attainment of benefits under an ERISA plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140, 111 S. Ct. 478, 483-84 (1990).  The *Ingersoll-Rand* Court explained that such claims are completely preempted by ERISA because they fall squarely within Section 510 of ERISA which prohibits the discharge of a plan participant "for the purpose of interfering with [his or her] attainment of any right ... under the plan . . ." *Id*. at 143, 111 S. Ct. at 485; 29 U.S.C. § 1140.

In the present matter, however, none of the allegations in Plaintiff's complaint assert that Defendant terminated Plaintiff's employment (or took any other action) in order to defeat his right to ERISA benefits.  The allegations in Plaintiff's complaint also do not suggest that he is seeking to recover benefits, enforce rights, or clarify future benefits under an ERISA plan.  Plaintiff's complaint contains only the following

9

references to his ERISA benefits: (1) "The ADEA Notification provided to Plaintiff with his termination papers indicates that a disproportionate number of employees age fifty (50) and over were selected for termination under the FISSP" and (2) "As a direct and proximate result of FORD's illegal actions in violation of the ELCRA, Plaintiff has suffered damages, including but not limited to, . . . inability to qualify for regular early retirement income and benefits . . ." Compl. ¶¶ 14(b) & 25.

As Plaintiff states in his complaint, the first allegation is set forth as an example of the circumstances that Plaintiff believes give rise to the inference that Defendant engaged in illegal age discrimination. *See id.* ¶ 14. The second allegation "is simply a reference to specific, ascertainable damages [Plaintiff] claims to have suffered as a proximate result of [his] discriminatory termination." *See Wright*, 262 F.3d at 615. In this Court's view, neither allegation subjects Plaintiff's ELCRA claim to ERISA preemption. In fact, as the Sixth Circuit held in *Wright*, ERISA does not preempt a plaintiff's state law claim simply due to the plaintiff's referral to an ERISA plan for the purpose of determining his or her damages.

Nevertheless, Defendant interprets the statements contained in the August 10 letter of Plaintiff's counsel as indicating that Plaintiff is challenging Defendant's motivation for changing the FISSP's grow-in provision under Section 510 of ERISA. Plaintiff assures the Court, however, that his lawsuit is based only on Defendant's decision to terminate his employment based on his age and not on any claim that Defendant discriminated against him in order to avoid paying him ERISA benefits. Plaintiff further assures the

10

Court that any reference to Defendant's ERISA plan in this lawsuit will be for the purpose of assisting in the determination of damages– which, as previously stated, is permissible under *Wright*– and any evidentiary value the modification of the plan may provide to establish Defendant's discriminatory motive. The Court accepts Plaintiff's assurances, particularly as his complaint only incidentally refers to his ERISA benefits and the basis of his discrimination claim is not that Defendant terminated him to avoid paying him ERISA benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's complaint shall be **REMANDED** to the Wayne County Circuit Court for the State of Michigan.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Sam Morgan, Esq.
Deborah J. Clarke, Esq.
Donna J. Donati, Esq.
Taggart Hansen, Esq.